UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CARLOS FRANCISCO LOPEZ,                          18-CR-148-A
                                                 23-CV-1000-A
                                  Petitioner,     **DECISION AND ORDER**

        v.

UNITED STATES OF AMERICA,

                                  Respondent.

_____


        Presently pending before this Court are three motions filed by or on behalf of

Petitioner Carlos Francisco Lopez, a prisoner in federal custody.  The first, filed *pro*

*se* on September 20, 2023, is a Motion to Vacate, Set Aside, or Correct the Sentence

Under 28 U.S.C. § 2255 ("§ 2255 Motion").  *See*, Dkt. No. 87;[1] 23-CV-1000-A).  The

second motion, filed on Lopez's behalf by Marianne Mariano, the Federal Public

Defender for the Western District of New York, on December 18, 2023, is a Motion to

Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) ("§ 3582 Motion"), based upon

a retroactive amendment to the Sentencing Guidelines. *See*, Dkt. No. 94. The third

motion, also filed by the Federal Public Defender, is a Motion requesting that the

Federal Public Defender be relieved as counsel and that new counsel be appointed.

*See*, Dkt. No. 107 ("Motion to Withdraw").

        For the reasons which follow, both Lopez's § 2255 Motion and § 3582 Motion

are **DENIED**, while the Motion to Withdraw is **GRANTED IN PART**, to the extent that

_____

[1] References herein, unless otherwise indicated, are to documents filed on this Court's
Docket in case 18-CR-148-A.

the Federal Defender is relieved as counsel, and **DENIED IN PART**, to the extent that the Court declines to exercise its discretion to appoint new counsel for Lopez. *See*, *United States v. Reddick*, 53 F.3d 462, 465 (2d Cir. 1995).

## BACKGROUND

### I.    Prior Proceedings

Lopez initially was charged in a criminal complaint with attempted enticement of a minor and attempted transportation of a minor to engage in sexual activity. (Dkt. No. 1). At his initial appearance, an Assistant Federal Public Defender was assigned to represent him. (2/6/2018, Minute Entry).   Subsequently, he was charged in two count Indictment with attempted enticement and transportation of a minor in violation of 18 U.S.C. §§ 2422(b), 2423(a), 2423(e), and 2. (Dkt. No. 11).

### A. The Guilty Pleas

Lopez pled guilty, without a written plea agreement, to both counts of the Indictment against him. (Dkt. No. 81, pp. 1-27). Prior to entry of the guilty plea, the government prepared and provided Lopez with a statement pursuant to *United States v. Pimentel*, 932 F.2d 1029, 1034 (2d Cir. 1991). (Dkt. No. 29). At the plea proceeding this Court engaged in a full and complete Rule 11 plea colloquy with Lopez, including a description of the statutory mandatory minimum and maximum terms of imprisonment and supervised release that he faced under each count. (Dkt. No. 81). During the plea proceeding, the government projected that Lopez's advisory Sentencing Guidelines range, based on a potential total offense level of 34 (where the adjusted level was 37 and the government had no objection, upon entry of the plea to a total decrease of 3 levels for acceptance of responsibility), and a criminal history

2

category ("CHC") of IV, was a term of 210 to 262 months' imprisonment and a period of supervised release of 5 years to life. (Dkt. No. 29, pp. 3-5).

### B. Sentencing

Following the entry of Lopez's plea of guilty, a PSR was prepared. (Dkt. No. 30). Lopez's attorney filed objections to the PSR and its application of a 2-level enhancement under USSG § 2G1.3(b)(2)(A) (misrepresentation of identity) as well as its application of the 5-level enhancement under USSG § 4B1.5(b)(1) (for covered sex offenses, where neither § 4B1.1 nor § 4B1.5(a) applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct). (Dkt. No. 37). The government agreed that USSG § 2G1.3(b)(2)(A) did not apply (Dkt. No. 38) and the application was removed from a revised PSR that was prepared. (Dkt. No. 41). With regard to the application of USSG § 4B1.5(b)(1), the government provided facts establishing Lopez's pattern of activity of prohibited sexual conduct to include nine instances of unlawful conduct involving the victim referenced at ¶48 of the PSR (unlawful sexual intercourse in November 2008), unlawful conduct involving the victim referenced at ¶49 in the PSR (unlawful sexual intercourse in February 2011 and again in April 2011), and the coercion, enticement, and transportation of a different minor sometime between April 2017 and January 2018. (Dkt. No. 30, 38). The revised PSR identified numerous instances and facts supporting Lopez engaging in a pattern of prohibited sexual conduct involving minors. (Dkt. No. 41).

Thereafter, Lopez filed objections to the revised PSR as well as a motion to compel the government to file a motion pursuant to USSG § 5K1.1. (Dkt. No. 48). A

total of five revised PSRs were prepared and filed (Dkt. No. 41, 49, 54, 61, 70) and each applied the same Chapter Four Enhancement, § 4B1.5(b)(1).

Additionally, Lopez argued that because the government had previously agreed in a draft of a written plea agreement to file a motion for a 1-level downward departure, it should be compelled to act accordingly even though Lopez did not plead guilty pursuant that plea agreement. (Dkt. 48., pp. 8-15).

Subsequently, two revised PSRs were prepared. (Dkt. No. 49, 54). Lopez next filed a request for a non-Guidelines sentence. (Dkt. No. 59). Lopez again asserted that the 5-level enhancement under USSG § 4B1.5(b)(1) should not have been applied, requested that the government be compelled and/or that the court should in its discretion, depart downward pursuant to USSG § 5K1.1 by 3 levels, and asked the court for a sentence at the mandatory minimum of 10 years' imprisonment. (*Id*.). Thereafter, the government filed a response to Lopez's objections and motion to compel but also filed a motion pursuant to USSG § 5K1.1 for a downward departure of one level. (Dkt. No. 60). Further, the government also filed a response to Lopez's Sentencing Memorandum, and in it the government requested an above-Guidelines sentence of 300 months' imprisonment. (Dkt. No. 63).

Following additional sentencing filings by the parties (Dkt. Nos. 66, 69) and another Revised PSR (Doc. No. 70), a sentencing hearing was held on May 24, 2021. (Doc. No. 80, Sentencing Transcript). Without objection, this Court adopted the facts set forth at paragraphs 8 through 27 of the revised PSR. (Doc. No. 80, p. 3; *see also* Doc. No. 70). Regarding the objections, this Court first addressed the objection to inclusion of facts set forth at paragraphs 44-46 of the revised PSR (Doc. No. 70)

4

entitled "Offense conduct not part of the relevant conduct" which Lopez argued were impermissibly included having been derived from a proffer session. (Doc. No. 80, pp. 3-6). Such objection was overruled as this Court determined that it was appropriate to include such proffer information to rebut Lopez's argument about "a lack of a sentencing benefit to him." (Doc. No. 80, p. 6). This Court rejected the defendant's objection to application of the 5-level enhancement under USSG § 4B1.5(b)(1) and determined that the facts supported the conclusion that Lopez engaged in a pattern of sex offenses involving minors. (Doc. No. 80, pp. 6-7).

The Court calculated the advisory Sentencing Guidelines range based on an offense level 32 and criminal history category IV, as 168 to 210 months' imprisonment. (Doc. No. 80, pp. 7-9). The Court then addressed the government's § 5K1.1 motion and Lopez's argument that the government's refusal to seek a greater departure constituted bad faith. (Doc. No. 80, pp. 9-11). Specifically, this Court rejected defendant's request to compel a greater § 5K1.1 motion, finding no bad faith, but in the exercise of its discretion, the Court did grant a further 1-level reduction. (Doc. No. 80, pp. 10-11), thereby determining that Lopez, with a total offense level of 30 and criminal history category of IV, faced an advisory Sentencing Guidelines range to 135 to 168 months' imprisonment. (Doc. No. 80, p. 11).

After hearing from the parties and Lopez, this Court having considered the advisory Sentencing Guidelines range, the factors set forth in 18 U.S.C. § 3553(a), as well as Lopez's and the government's arguments regarding an appropriate sentence, imposed a mid-range term of 147 months' imprisonment, to be followed by fifteen years' supervised release. (Doc. No. 80, pp. 33-34; Doc. No. 71 (Judgment)).

## C. The Direct Appeal and Summary Order

Among the issues raised by the defendant on appeal before the Second Circuit, was Lopez's challenge to the substantive reasonableness of both the 147-month sentence and the 15-year term of supervised release. (Doc. No. 82).

The Court of Appeals rejected Lopez's sentencing claims and concluded that both the term of imprisonment and term of supervised release imposed by this Court were substantively reasonable. (Doc. No. 82, pp. 3-4). In rejecting defendant's sentencing challenges, the Second Circuit observed:

> Here, the district court's sentence fell well within the applicable Guidelines ranges of 135 to 168 months' imprisonment, and five years to a lifetime of supervised release. Although there is no presumption that a within-Guidelines sentence is reasonable, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Betts*, 886 F.3d at 201 (internal quotation marks omitted). Moreover, the record reflects that the district court considered the relevant 18 U.S.C. § 3553(a) sentencing factors, including Lopez's personal history and characteristics, his prior sex offenses, and the fact that he was on parole supervision when he committed the instant offense. While Lopez may disagree with the district court that terms of imprisonment and supervision above the mandatory minimums were necessary to achieve the goals of sentencing, we defer to the district court's assessment. *See United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). Because Lopez's sentence is not "shockingly high, shockingly low, or otherwise unsupportable as a matter of law," we affirm.

*United States v. Lopez*, No. 21-1450, 2022 WL 1572995, at *1 (2d Cir. May 19, 2022).

Factually, in assessing the nature and circumstances of the offense and the history and characteristics of the defendant, the Circuit observed:

> Lopez has a history of sex offenses involving minors – including the solicitation of nude photos from underage girls.

> * * *

6

Here, the record reflects that Lopez repeatedly purchased Greyhound bus tickets to transport his minor victims. In addition to the one-way bus ticket from New York to California that he purchased for the minor victim in this case, he has purchased at least three other one-way bus tickets from Texas to California. Lopez made such purchases intending to engage in criminal sexual conduct with minors; he also proposed recording these sexual encounters, with a view toward creating child pornography.

Further, Lopez has a history of evading monitoring while on supervision. He committed the instant offense while on parole from a state court conviction (for sex offenses involving minors) – using a smart phone that he had failed to report to his parole officer. In light of Lopez's prior convictions involving minors, history of evading supervision, and past purchases of bus tickets to transport minor victims, the district court did not plainly err in imposing [sentence]. . ..

*United States v. Lopez*, 2022 WL 1572995, at *2.   The mandate was issued on

September 1, 2022.  (Doc. No. 82).

## II.      Post-Conviction Proceedings

On September 20, 2023, Lopez, *pro se*, filed the § 2255 Motion. (Doc. No. 87).

He cites four grounds.

Initially, as Ground One, Lopez alleges that he received ineffective assistance

of counsel based upon his trial counsel's failure to object to two different sentencing

enhancements which were imposed at sentencing. (Doc. No. 87, p. 2). Those

enhancements, the application of which Lopez raises substantively as Grounds Two

and Three of his Petition, were: (1) the two-level level increase, under Guidelines

Section 2G1.3(b)(3)(A), for use of computer/smartphone (Ground Two) (Doc. No. 87,

p. 5); and (2) the five-level increase, under Guidelines Section 4B1.5(b)(1), for

engaging in a pattern of activity involving prohibited sexual conduct  (Ground Three)

(Doc. No. 87, pp. 6-7).  The Fourth Ground is Lopez's argument that his cooperation

merited an additional one-level reduction under Guidelines Section 5K1.1. (Doc. No. 87, p. 8).  The government opposed the Petition. (Doc. No. 89).

While the Petition was pending, the Federal Public Defender filed the § 3582 motion to reduce Lopez's sentence based upon a retroactive amendment to the Guidelines.  (Doc. No. 94).  The government opposed the motion.  (Doc. No. 106). Prior to filing a reply to the government's opposition, the Federal Public Defender's Office filed a motion requesting that the Federal Defender be relieved as counsel and that new counsel be appointed. (Dkt. No. 107).

## DISCUSSION

### I.    THE § 2255 MOTION

#### A.  Legal Standard - Section 2255

Section 2255 permits a prisoner in federal custody to move to vacate, set aside, or correct the sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010). "A petition for relief under Section 2255 shall only be granted for a constitutional error when the sentencing court lacked jurisdiction or when a miscarriage of justice arises due to an error of law or fact which created a fundamental defect." *Lopez v. United States*, 792

8

Fed. App'x 32, 35 (2d Cir. 2019) (citations omitted). Relief under Section 2255 is reserved "for prejudicial errors that are so grave, they result in a complete miscarriage of justice." *Kassir v. United States*, 3 F.4th 556, 564 (2d Cir. 2021) (internal quotation marks, brackets and citations omitted).

## B. Legal Standard – Ineffective Assistance of Counsel

A petitioner claiming ineffective assistance of counsel "must show that (1) counsel's performance was objectively deficient, and (2) petitioner was actually prejudiced as a result." *Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2012) (citing *Strickland v. Washington*, 466 U.S. at 687–88, 692–93 (1984)). The burden of showing ineffective assistance is "a heavy one because, at the first step of analysis, [a court] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. (cleaned up).

"The determinative question at this step is not whether counsel 'deviated from best practices or most common custom,' but whether his 'representation amounted to incompetence under prevailing professional norms.'" *Id*. at 129–30 (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)). The standard for evaluating the adequacy of counsel's representation is "a most deferential one," *Harrington*, 562 U.S. at 105, because "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *United States v. Thomas*, 608 F.App'x. 36, 38 (2d Cir. 2015) (quoting *Strickland*, 466 U.S. at 690).  As pertinent here, "failure to make a meritless argument does not rise to the level of ineffective assistance" of counsel. *United States v. Kirsh*,

54 F.3d 1062, 1071 (2d Cir. 1995), citing *United States v. Javino*, 960 F.2d 1137, 1145 (2d Cir. 2009).  Likewise, defense counsel is not obligated to raise objections that under the circumstances would be frivolous.  *See*, *United States v. Cohen*, 427 F.3d 164, 170 (2d Cir. 2005).

Should defendant clear this first hurdle by demonstrating ineffective performance by counsel, prevailing on a § 2255 petition then requires demonstrating actual prejudice from identified errors. *Harrington*, 689 F.3d at 129 (citing *Strickland*, 466 U.S. at 668, 687–88, 692–93). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.  Where, as here, defendant challenges sentencing, the prejudice prong mandates that petitioner show either that counsel's failings "suffice to undermine [ ] confidence in the outcome of [the] original sentencing," *Gonzalez v. United States*, 722 F.3d 118, 136 (2d Cir. 2013), or "would have changed ... the sentence imposed," *Strickland*, 466 U.S. at 700.

### C. Analysis

Lopez's claim of ineffective assistance of counsel (Ground One) is predicated entirely upon his assertion that his trial counsel was ineffective in failing to object at sentencing to the application of the following Guidelines provisions: (1) the two-level increase, under Guidelines Section 2G1.3(b)(3)(A), for use of computer/smartphone (Doc. No. 87, p. 5); and (2) the five-level increase, under Guidelines Section 4B1.5(b)(1), for engaging in a pattern of activity involving prohibited sexual conduct

(Doc. No. 87, pp. 6-7).[2]   Substantively, the application of those two Guidelines Sections provides the basis, respectively, for Grounds Two and Three of his petition. Finally, the Fourth Ground Lopez cites as warranting relief under § 2255 is his argument that his cooperation merited an additional one-level reduction under Guidelines Section 5K1.1. (Doc. No. 87, p. 8).

To the extent that Lopez's challenges to the application of the two Guidelines Sections he cites are meritless, so too is his claim that he was denied effective assistance of counsel, as counsel cannot be faulted for failing to make a meritless objection or argument. *United States v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999) ("Failure to make a meritless argument does not amount to ineffective assistance."), *overruled in part on other grounds, Scheidler v. Nat'l Org. For Women, Inc.*, 527 U.S. 403-04 n.8 (2003); *Carvajal v. Artus*, No. 07CIV10634CMAJP, 2008 WL 4555531, at *35 & n.32 (S.D.N.Y. Oct. 10, 2008) (collecting cases that hold counsel cannot be ineffective for failing to make a meritless objection or argument), *report and*

---

[2] According to his motion, trial counsel's failure to object to or otherwise challenge the application of these enhancements to his case precluded him from obtaining review of such claims on direct appeal as they were not preserved.  (Doc. No. 87, p. 2). The Court suspects that Lopez has sought to recast his sentencing challenges as a claim for ineffective assistance of counsel to escape the "procedural default rule," which "prevents claims that could have been brought on direct appeal from being raised on collateral review absent cause and prejudice." *Yick Man Mui v. United States*, 614 F.3d 50, 54 (2d Cir.2010); *see also Marone v. United States*, 10 F.3d 65, 67 (2d Cir.1993) ("In order to raise a claim that could have been raised on direct appeal, a § 2255 petitioner must show cause for failing to raise the claim at the appropriate time and prejudice from the alleged error.").  An ineffective assistance of counsel claim is not subject to the procedural default rule, and "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).  Notwithstanding Lopez's effort, he cannot escape the fact that his claims lack merit.

*recommendation adopted*, No. 07CIV.10634(CM)(AJP), 2009 WL 62177 (S.D.N.Y. Jan. 9, 2009), *aff'd*, 633 F.3d 95 (2d Cir. 2011)).

Regarding the 2-level increase under Guidelines Section 2G1.3(b)(3)(A) for use of computer/smartphone, Lopez argues that enhancements "are meant to increase a sentence for conduct more aggravated than the typical offense" and he "could not have committed the instant offense without the use of a smart phone." (Doc. No. 87, p. 5).  His claim lacks merit, however, because the Second Circuit has previously rejected this very argument.  "One can traffic in child pornography without using a computer much like one could commit a robbery without the use of a gun." *United States v. Johnson*, 221 F.3d 83, 93 (2d Cir. 2000). As the Court further observed in a subsequent case, "[a]pplying the same principle, [defendant] could have 'persuade[d], induce[d], entice[d], coerce[d], or facilitate[d] the travel of' a victim under the age of 12 'to engage in prohibited sexual conduct,' § 2G1.3(b)(3)(A), without the use of a computer. Therefore, § 2G1.3(b)(3)(A) targets a separate facet of [defendant]'s offense conduct—the use of a computer to facilitate the crime—and is not duplicative of § 2G1.3(b)(5)." *United States v. Kohlmeier*, 858 F. App'x 444, 446 (2d Cir. 2021). Thus, Ground Two of Lopez's motion is meritless.

Regarding the application of the five-level increase, under Guidelines Section 4B1.5(b)(1), for engaging in a pattern of activity involving prohibited sexual conduct, Lopez asserts that such enhancement is unwarranted (Ground Three) and that trial counsel's failure to challenge it rendered his assistance ineffective.  (Ground One).

Notwithstanding Lopez's assertions, however, his trial counsel did, in fact, prior to sentencing file objections to the PSR's conclusion that the 5-level enhancement under Guidelines § 4B1.5(b)(1) applied to Lopez's situation. (Doc. No. 37, pp. 2-4). Thus, contrary to the allegations made by Lopez in his petition, Lopez's trial counsel did timely raise the issue of the application of § 4B1.5(b)(1). Thereafter, the government responded to the allegation with facts supporting its application, and the probation office addressed the issue in an Addendum to a subsequent, revised PSR. (Doc. No. 38, pp. 3-4; Doc. No. 41, pp. 28-29). Thereafter, at sentencing, this Court overruled Lopez's objection. (Doc. No. 80, pp. 7-8). In so doing, this Court noted that Lopez's prior convictions involved prohibited sexual conduct with minors and adopted the addendum to the PSR which provided an ample factual basis justifying the application of the enhancement. (Doc. No. 80, p. 8).   In fact, even the Court of Appeals, in affirming the reasonableness of defendant's sentence, took note of Lopez's "history of sex offenses involving minors." *United States v. Lopez*, 2022 WL 1572995, at *2.

To the extent Lopez's allegation may be interpreted as contending that the Court erroneously adopted the PSR's recommendations or misapplied the Sentencing Guidelines, he has not shown he was constitutionally entitled to additional Guidelines adjustments or that the Court committed any fundamental errors of fact to render his sentence "'irregular and invalid' that relief under § 2255 would be appropriate." *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (citing *United States v. Addonizio*, 442 U.S. 178, 186 (1979)).

Thus, under Ground Three, Lopez has failed to show that there was any error in this Court's application of Guidelines § 4B1.5(b)(1), much less any error warranting relief under § 2255.  As to Ground One, Lopez's demonstrably false assertion that his trial counsel failed to object to the application of USSG § 4B1.5(b)(1) undermines his claim of ineffective assistance by such counsel, while the lack of merit to the substance of his argument undermines any claim that his appellate counsel was ineffective in failing to raise it on appeal.[3]

Finally, as his Fourth Ground for relief, Lopez argues that his cooperation merited a downward departure pursuant to Guideline § 5K1.1 greater than the 2-level departure that this Court granted at sentencing.[4]   However, "the extent of the departure is not a basis for relief under § 2255. Absent a complete miscarriage of justice, claims alleging non-constitutional sentencing errors that have not been raised

---

[3] Lopez further, albeit in conclusory fashion, cites his lack of contact with his appellate attorney as further evidencing his claim that he failed to receive effective assistance of counsel. (Doc. No. 87, p.2). "[C]ourts have consistently held 'that the brevity of consultation time between a defendant and his counsel alone cannot support a claim of ineffective assistance of counsel.'" *Collins v. Connolly*, 2013 WL 2443667, at *9 (S.D.N.Y. May 17, 2013) (quoting *Raposo v. United States*, 2004 WL 1043075, at *3 (S.D.N.Y. May 7, 2004)); *accord Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984) (per curiam); *Daffe v. United States*, 2017 WL 2304304, at *4 (S.D.N.Y. May 10, 2017). Likewise, "[t]here is no required minimum number of meetings between counsel and client." *Myers v. Laclair*, 2007 WL 3254902, at *6 (S.D.N.Y. Oct. 31, 2007) (citing *United States ex rel. Testamark v. Vincent*, 496 F.2d 641, 643 (2d Cir. 1974)); *accord Daffe*, 2017 WL 2304304, at *4; *Collins*, 2013 WL 2443667, at *9. Thus, any alleged dearth of meetings alone does not permit a finding that either of Lopez's counsel were ineffective. Moreover, Lopez does not identify how, if at all, he was prejudiced by his attorneys' alleged failure to communicate.

[4] While the government moved for a 1-level 5K departure, defense counsel sought an additional departure based upon the value for Lopez's cooperation.  Counsel's efforts worked as this Court, at sentencing, went beyond the 1-level 5K sought by the government, and instead granted defendant a 2-level 5K. (Doc. Nos. 48, 59, and 69).

on direct appeal may not be reviewed on a § 2255 motion. *See Graziano v. United States*, 83 F.3d 587, 590 (2d Cir.1996). The petitioner's sentencing claim does not suggest a miscarriage of justice or a constitutional violation and cannot be the basis for relief under § 2255." *Hernandez v. United States*, 280 F. Supp. 2d 118, 124 (S.D.N.Y. 2003).  As noted, on direct appeal, the Second Circuit found that this Court's "sentence fell well within the applicable Guidelines ranges of 135 to 168 months' imprisonment…[and that] in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Lopez*, No. 21-1450, 2022 WL 1572995, at *1 (quotations omitted).  Indeed, to the extent that Lopez's sentence "falls in the middle of the Guidelines range applicable to him" it is here "particularly difficult for him to show that such a sentence manifests a complete miscarriage of justice." *United States v. Hoskins*, 905 F.3d 97, 104 (2d Cir. 2018). Absent such a showing, this Court rejects his claim.

## II.     THE § 3582(c)(2) MOTION

When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), the district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced." *United States v. Zapatero*, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.1Q(b)(1)); *see also Dillon v. United States*, 560 U.S. 817, 827 (2010). Assuming that the resultant range is lower than that applicable at the time of defendant's original sentencing, "a court may reduce the term of imprisonment

after considering the factors set forth in section 3553(a) and if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are contained in U.S.S.G. § 1B1.10. *United States v. Martin*, 974 F.3d 124, 136 (2d Cir. 2020) (citation omitted).

Here, the Government agrees with Lopez's contention that the status-points amendment portion of Amendment 821 applies and that application of such amendment results in a reduction of Lopez's Criminal History Category from IV to III. (Dkt. No. 106, p. 6).   At Lopez's May 24, 2021, sentencing hearing, this Court determined that defendant, with a criminal history category of IV, and total offense level of 32, faced a guideline range of 168 to 210 months' imprisonment. *See* Dkt. No. 80, pp. 3-7. Accepting the government's 1-level departure request pursuant to §5K1.1, this Court—in its discretion and in partial satisfaction of a request for a larger departure made by defendant's attorney—granted Lopez a further 1-level reduction. *Id*. at pp. 10-11. With this 2-level downward departure for cooperation, Lopez, with a total offense level of 30 and criminal history category of IV, faced an advisory Guidelines range to 135 to 168 months' imprisonment. After evaluating the factors set forth in 18 U.S.C. § 3553(a), this Court sentenced Lopez to a term of imprisonment of 147 months and 15 years supervised release. *Id*. at pp. 33-34; *see also*, Dkt. No. 71.

Based upon Guideline Amendment 821, Lopez criminal history category has been reduced from IV to III, such that Lopez's Guidelines range of imprisonment has been reduced from 135 to 168 months to 121 to 151 months.  Since the Amendment lowers Lopez's applicable Guidelines range, a reduction of Lopez's sentence is

authorized. *See*, U.S.S.G. § 1B1.10(a)(2)(B) (sentence reduction not authorized where "[a]n amendment…does not have the effect of lowering the defendant's applicable guideline range"). Notwithstanding the fact that a further reduction may be authorized in this case, however, this Court declines to exercise its discretion further to reduce Lopez's sentence.

Specifically, under step two of the *Dillon* inquiry, *see, Dillon*, 560 U.S. at 827, the Court, upon consideration of the factors set forth in 18 U.S.C § 3553(a) and all the circumstances presented, declines to exercise its discretion further to reduce Lopez's sentence. *See United States v. Mock*, 612 F.3d 133, 137 (2d Cir. 2010)("[i] f, and only if, a defendant is eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, then the second step of the analytical framework set forth in *Dillon* requires the district court 'to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'"). As set forth in the PSR, the offense conduct in this case involved Lopez facilitating a 15-year-old (Victim 1) running away from home by purchasing a bus ticket for her in a fictious name and encouraging her to leave her family and travel to him and have sex with him. Additionally, during Lopez's communications with Victim 1, despite initially telling Victim 1 he was not interested in getting pictures from her, the defendant subsequently asked Victim 1 to produce child pornography by taking naked pictures of herself. Fortunately, a friend of Victim 1 saw her board a local bus near her residence and reported that to law enforcement. Had law enforcement not intervened,

Lopez would likely have succeeded in having Victim 1 travel to him so that he could rape her. (Doc. No. 70, ¶¶ 8-27).  The PSR further detailed how Lopez repeatedly raped another minor victim (Victim 2) shortly before his contact with the Victim 1. (Doc. No. 70, ¶¶ 44-46).  In addition, Lopez has two prior felony convictions involving his sexual exploitation of minors.  (Doc. No. 70, ¶¶ 50-51).

The nature of the offense combined with the history and characteristics of the defendant convince this Court that no further reduction in sentence is warranted. Lopez has exhibited a long-standing predilection towards sexually abusing minor females, as he has sexually molested at least four other minor females. Two of those molestations resulted in serious felony convictions in the State of California. Lopez's past conduct indicates that he has thus far demonstrated an unwillingness to stop behaving like a sexual predator.  At the time of the offense, Lopez was a registered sex offender on parole with the State of California and was required to wear an electronic ankle monitor. Unable to travel to putative victims, he sought to bring the minor victims to himself. Moreover, to commit the instant offense, the defendant utilized an unauthorized smart phone that was concealed from his California parole officer. Lopez's long-standing and extensive track record for repeatedly sexually exploiting minors convinces this Court that Lopez is a dangerous and undeserving or any further reduction of his sentence.  In accordance with 18 U.S.C. §3553(a), and based upon the nature and circumstances of the offense—including the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford deterrence, and to protect the public—as well as

the Sentencing Guidelines themselves—and noting that the Court's original sentence of 147 months nevertheless still falls within the reduced Guidelines range of 121 to 151 months—the Court declines to exercise its discretion to reduce Lopez's sentence.

## III.   MOTION TO WITHDRAW

Finally, the Federal Public Defender who originally filed the § 3582 Motion (discussed in Point II, above), upon discovery that Lopez, in his *pro se* § 2255 Motion (discussed in Point I, above), raised a claim asserting that the Assistant Federal Public Defenders who previously represented him had provided ineffective assistance of counsel, recently filed a motion asking to be relieved as counsel and requesting that new counsel be appointed. *See*, Dkt. No. 107 ("Motion to Withdraw").  While the Court grants the Federal Defender's request to be relieved as counsel, the Court, for the reasons set forth above, declines to exercise its discretion to appoint new counsel for Lopez. *See, United States v. Reddick*, 53 F.3d 462, 465 (2d Cir. 1995).

## <u>CONCLUSION</u>

For the reasons stated above, both Lopez's § 2255 Motion and § 3582 Motion are **DENIED**, while the Motion to Withdraw is **GRANTED IN PART**, to the extent that the Federal Defender is relieved as counsel, and **DENIED IN PART**, to the extent that the Court declines to exercise its discretion to appoint new counsel for Lopez.  Further, pursuant to 28 U.S.C. § 2253(c)(1) and Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability because Lopez has not made a substantial showing of the denial of a constitutional right. Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken

from this decision would not be taken in good faith. Thus, leave to appeal *in forma pauperis* is denied. Lopez is advised that "Federal Rule of Appellate Procedure 4(a) governs the time to appeal," and "[a] timely notice of appeal must be filed even" though the Court declined to issue a certificate of appealability. Rule 11(b) of the Rules Governing Section 2255 Proceedings.

**IT IS SO ORDERED.**

*s/Richard J. Arcara*
_____
HONORABLE RICHARD J.  ARCARA
SENIOR U.S. DISTRICT JUDGE

Dated:  May 20, 2024
         Buffalo, New York.